UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
=======================================

MARCUS & CINELLI, LLP,

                Plaintiff,

                                    Civ. Action No.: _____

v.

ASPEN AMERICAN INSURANCE COMPANY,

                Defendant.

=======================================

       Plaintiff Marcus & Cinelli, LLP, by its attorneys, Delahunt Law PLLC, for its complaint herein alleges:

       1.      Marcus & Cinelli, LLP ("Marcus & Cinelli") was at all relevant times a New York limited liability partnership engaged exclusively in the practice of law.

       2.      Defendant Aspen American Insurance Company ("Aspen") is a Texas corporation licensed to transact certain insurance business in New York, including issuance of the insurance policy alleged below.

       3.      Aspen's principal place of business is New Jersey.

       4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332(a)(1) based upon complete diversity of citizenship of the parties and an amount in controversy that exceeds $75,000.

       5.      Venue is proper in this Court pursuant to 28 U.S.C. section 1391(b)(1).

       6.      Aspen issued The Law Office of David P. Marcus, PLLC a Lawyers Professional Liability Policy (No. LPP003671-04) for the period May 20, 2022 to May 20, 2023.

       7.      Pursuant to the policy, Marcus & Cinelli also qualifies as insured under the policy.

8.      The policy is subject to a $2 million per-claim limit exclusive of claim expenses.

9.      The policy's insuring agreement states, in part:

> The **Company** will pay on behalf of the **Insured** all sums in excess of the deductible that the **Insured** shall become legally obligated to pay as **damages** and **claim expenses** as a result of a **claim** first made against the **Insured** during the **policy period** or the **extending reporting period** (if applicable), by reason of an act or omission, including **personal injury**, in the performance of **professional services** by the **Insured** or by any person for whom the Insured is legally liable . . .

10.     The policy defines "professional services," in part, as follows:

> **Professional services** means services performed by the **Insured**:

> 1.      For a client in the **Insured's** capacity as a lawyer in good standing, mediator, arbitrator, notary public, lobbyist, or hearing officer;

> 2.      As an administrator, conservator, executor, guardian, trustee, receiver, or in any similar fiduciary capacity; or as a title agent or legal expert provided that such services are performed in connection with, and incidental to, the **Insured's** practice of law; provided, however, that no coverage shall apply to any **claim** made against the **Insured** as a beneficiary or distribute of any trust or estate.

11.     The policy's insuring agreement states, in part:

> The **Company** shall have the right and duty to defend, in the **Insured's** name and on the **Insured's** behalf, a **claim** covered by this policy even if any of the allegations of the **claim** are groundless, false or fraudulent.  The **Company** shall have the right to appoint counsel and to make such investigation and defense of a **claim** as is deemed necessary by the **Company**.  If a **claim** shall be subject to arbitration or mediation, the **Company** shall be entitled to exercise all of the **Insured's** rights in the choice of arbitrators or mediators and in the conduct of an arbitration or mediation proceeding.

12.     The policy defines "claim" as:

> **Claim** means a demand for money or services, naming the **Insured**, arising out of an act or omission in the performance of **professional services**.  A **claim** also includes the service of suit, a request that an

**Insured** waive a legal right or sign an agreement to toll a statute of limitations, or the institution of an arbitration proceeding against the **Insured**.

13.     The action captioned <u>Patterson Belknap Webb & Tyler LLP v. Marcus & Cinelli LLP, David P. Marcus, Brian L. Cinelli, and John Does # 1-99</u> (Sup. Ct. New York Co., Index No. 652711/2022) was commenced on August 2, 2022.

14.     David P. Marcus ("Marcus") was at all relevant times a partner in Marcus & Cinelli.

15.     Brian L. Cinelli was at all relevant times a partner in Marcus & Cinelli.

16.     The <u>Patterson</u> action is premised on an alleged unsatisfied judgment held by law firm Patterson Belknap Webb & Tyler LLP ("PBWT") against Barbara Stewart ("Stewart").

17.     In the <u>Patterson</u> action, PBWT seeks to recover "property of Stewart" that was allegedly "fraudulently transferred to" Marcus & Cinelli.

18.     The complaint in <u>Patterson</u>, as amended, alleges causes of action against Marcus & Cinelli, Marcus, and Cinelli pursuant to New York Debtor and Creditor Law sections 273, 273-a, 274, 275, and 276.

19.     The complaint in <u>Patterson</u>, as amended, alleges a cause of action for Tortious Interference with Collection of Money Judgment against Marcus & Cinelli and Marcus.

20.     The complaint in <u>Patterson</u>, as amended, alleges a cause of action for civil contempt against Marcus & Cinelli and Marcus.

21.     Marcus & Cinelli was at all relevant times a law firm and only a law firm.

22.     At all relevant times, Marcus was an attorney.

23.     The allegations in the <u>Patterson</u> complaints are directed to alleged acts/omissions by the defendants therein as attorneys and only as an attorneys.

24.     The <u>Patterson</u> complaints allege that Marcus "served as an attorney" for Stewart.

25.     The <u>Patterson</u> complaints do not allege that Marcus & Cinelli, Marcus, or Cinelli were engaged in any other capacity for Stewart.

26.     The <u>Patterson</u> complaints allege acts or omissions against Marcus & Cinelli, Marcus, and/or Cinelli that fall within the Aspen policy's definition of "professional services," including but not limited to:  Marcus's alleged "facilitation" of the sale of a diamond ring on behalf of Stewart; Marcus's alleged review of records from Stewart's divorce proceedings to determine the client's title to the ring for purposes of sale; Marcus's alleged directions to an auction house on Stewart's behalf in connection with sale of the ring; Marcus's alleged representations to the auction house regarding PBWT's judgment against Stewart; Marcus's alleged sale negotiations with the auction house on behalf of Stewart; Marcus's alleged representations to the auction house regarding his status as authorized partner for Marcus & Cinelli in connection with the sale; Marcus's alleged directives to the auction house regarding his and Marcus & Cinelli's designation on the sale agreement; Marcus's alleged execution of the sales agreement on behalf of Stewart; the alleged deposit of the sale proceeds into Marcus & Cinelli's IOLA; Marcus & Cinelli's alleged payments from the IOLA to third parties; Marcus & Cinelli's alleged transfer of funds from the IOLA to escrow accounts maintained by Marcus & Cinelli for Stewart; Marcus & Cinelli's alleged entry into a retainer agreement with Stewart for legal representation; and Marcus & Cinelli's alleged representation of Stewart in litigation against Stewart's former daughter-in-law.

27.     The <u>Patterson</u> complaints allege the attorney-client relationship between Marcus & Cinelli terminated in June 2022, after all of the alleged acts or omissions noted in paragraph 28 above.

28.     Although Marcus & Cinelli, Marcus, and Cinelli have at all times denied and continue to deny the allegations in <u>Patterson</u>, and although the allegations against them have no

factual or legal merit, the insuring agreement of the Aspen policy applies to allegations against insureds even if the allegations are groundless, false, or fraudulent.

29.     Marcus & Cinelli, Marcus, and Cinelli made demand on Aspen to defend and indemnify them in the <u>Patterson</u> action pursuant to the Aspen policy.

30.     In response, on August 12, 2022, Aspen issued a disclaimer of coverage.

31.     The disclaimer states, in part:  "Aspen will not provide a defense to or indemnify the defendants with respect to this action."

32.     Aspen's disclaimer is predicated on Aspen's false, incorrect, baseless, and self-serving characterization of the <u>Patterson</u> complaints as alleging that "the insureds sold the ring and retained the proceeds for their own benefit."

33.     The disclaimer is also predicated on Aspen's false, incorrect, baseless, and self-serving characterization of the <u>Patterson</u> complaints as alleging that the insureds "misappropriated the proceeds" of the ring sale.

34.     The disclaimer is likewise predicated on Aspen's false, incorrect, baseless, and self-serving characterization of the <u>Patterson</u> complaints as involving "self-dealing."

35.     Consistent with these false, incorrect, baseless, and self-serving characterizations of the <u>Patterson</u> complaints, the disclaimer fails to cite, quote, or identify the actual factual allegations made against Marcus & Cinelli, Marcus, and Cinelli in the <u>Patterson</u> complaints.

36.     Based on these false, incorrect, baseless, and self-serving characterizations of the <u>Patterson</u> complaints, Aspen disclaimed based on its incorrect conclusion that the allegations against Marcus & Cinelli, Marcus, and Cinelli do not constitute "professional services" as defined in the Aspen policy.

37.     Aspen's disclaimer is also based on an exclusion for claims "[b]ased on or arising out of the loss or destruction of or diminution in the value of any asset in the Insured's care, custody or control, or out of the misrepresentation of, or failure to give an account of, any asset in the Insured's care, custody or control, including the comingling of funds."

38.     With respect to the exclusion, the disclaimer states:  "Here, the complaint alleges that the insureds misappropriated for their own benefit the proceeds of the sale of the ring, or otherwise relinquished it from their care, custody or control."

39.     There is no such allegation or claim in the Patterson complaints, and Aspen's disclaimer is incorrect, baseless, and self-serving.

## FIRST CAUSE OF ACTION

40.     Plaintiff refers to and incorporates paragraphs 1 through 39 above as if set forth in full.

41.     Aspen's disclaimer and failure to defend and indemnify Marcus & Cinelli in connection with Patterson is in breach of the Aspen policy and is otherwise invalid as a matter of law.

42.     Marcus & Cinelli is entitled to judgment declaring that Aspen must defend and indemnify it in connection with Patterson.

## SECOND CAUSE OF ACTION

43.     Plaintiff refers to and incorporates paragraphs 1 through 42 above as if set forth in full.

44.     Aspen's disclaimer and failure to defend and indemnify Marcus & Cinelli in connection with Patterson is in breach of the Aspen policy and is otherwise invalid as a matter of law.

45.     Marcus & Cinelli is entitled to judgment for all amounts incurred by it or on its behalf for its defense in <u>Patterson</u> and for any settlements or judgment made by it or on its behalf in <u>Patterson</u>.

## THIRD CAUSE OF ACTION

46.     Plaintiffs refer to and incorporate paragraphs 1 through 45 above as if set forth in full.

47.     Aspen's disclaimer is premised on Aspen's self-serving conclusion that Marcus & Cinelli, Marcus, and Cinelli engaged in conduct not alleged in the <u>Patterson</u> complaints and/or Aspen's self-serving determination that the allegations against its insureds have merit.

48.     A disclaimer of coverage based on a liability insurer's unilateral determination that its insureds are liable as alleged in a third party's complaint (or are otherwise liable) is such a fundamental and profoundly improper breach of the insurer's contractual and legal obligation of good faith no reasonable carrier would, under the same given facts, be expected to assert it.

49.     Aspen's breach of its duty of good faith entitles Marcus & Cinelli to judgment against Aspen for all amounts Marcus & Cinelli incurs for its defense in <u>Patterson</u>, and all amounts of any settlement or judgment in that action, without regard to policy exclusions, other purported policy defenses, or policy limits.

**WHEREAS** Marcus & Cinelli, Marcus is entitled to and demands judgment:  (1) declaring that Aspen must defend and indemnify it in connection with <u>Patterson</u>; (2) for all amounts incurred by it or on its behalf for its defense in <u>Patterson</u> and for any settlements or judgment made by it or on its behalf in <u>Patterson</u>; (3) judgment against Aspen for all amounts Marcus & Cinelli incurs for its defense in <u>Patterson</u>, and all amounts of any settlement or judgment in that action, without

regard to policy exclusions, other purported policy defenses, or policy limits; and (4) all such other

and further relief in its favor as the Court deems just and appropriate.

Dated:  September 29, 2023                    Respectfully submitted,

                                              DELAHUNT LAW PLLC


                                              By:     _____/s/_____
                                                      Timothy E. Delahunt
                                                      tdelahunt@delahuntpllc.com

                                              295 Main Street
                                              Suite 836
                                              Buffalo, New York 14203
                                              Tel: (716) 878-9178

                                              *Attorneys for plaintiff*
                                              *Marcus & Cinelli, LLP*